Matter of Shannon

2026 NY Slip Op 03353

May 28, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Kevin Patrick Shannon, Respondent. (Attorney Registration No. 4730479)

Decided and Entered:May 28, 2026

PM-112-26

Calendar Date: May 11, 2026

Before: Reynolds Fitzgerald, J.P., Ceresia, Powers, Corcoran And Ryba, JJ., Concur.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Kevin Patrick Shannon, Saviese, Switzerland, respondent pro se.

[*1]

Motion by respondent for an order reinstating him to the practice of law following his suspension by October 2021 order of this Court (Matter of Attorneys in Violation of Judiciary Law § 468-a, 198 AD3d 1068, 1085 [3d Dept 2021]; see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16).

Upon reading respondent's notice of motion and affidavit with exhibit sworn to February 16, 2026, his correspondence with enclosures dated May 5, 2026 and the May 4, 2026 responsive correspondence from the Attorney Grievance Committee for the Third Judicial Department, and having determined, by clear and convincing evidence, that (1) respondent has complied with the order of suspension and the rules of this Court, (2) respondent has the requisite character and fitness to practice law, and (3) it would be in the public interest to reinstate respondent to the practice of law (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]), we grant his application. Notwithstanding his satisfaction of the substantive requirements for reinstatement, we direct respondent to demonstrate his completion of (1) one credit in the area of Ethics and Professionalism (see Rules of App Div, All Depts [22 NYCRR] § 1500.2 [c]); (2) one credit in either the area of Diversity, Inclusion and Elimination of Bias (see Rules of App Div, All Depts [22 NYCRR] § 1500.2 [g]) or Cybersecurity, Privacy and Data Protection (see Rules of App Div, All Depts [22 NYCRR] § 1500.2 [h]); (3) six continuing legal education credits in the areas of Skills and/or Law Practice Management (see Rules of App Div, All Depts [22 NYCRR] § 1500.2 [d], [e]) that specifically relate to the practice of law in New York (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [5] [i]); and (4) provide proof of his compliance with these conditions to both this Court and the Attorney Grievance Committee for the Third Judicial Department within 60 days of this Court's order. However, in acknowledging respondent's statement that he has no intention to return to the practice of law, and instead seeks reinstatement to merely ensure that records reflect his self-certification as retired in this state (see Rules of Chief Admr of Cts [22 NYCRR] § 118.1 [g]), respondent may alternatively satisfy the aforementioned condition by filing with this Court an application for nondisciplinary resignation consistent with Rules for Attorney Disciplinary Matters (22 NYCRR), part 1240, appendix E within 60 days of this order (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.22 [a] [1]; Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [a]). Accordingly, it is

ORDERED that respondent's motion for reinstatement is granted; and it is further

ORDERED that respondent is reinstated as an attorney and counselor-at-law, effective immediately, subject to the alternative conditions set forth in this decision.

Reynolds Fitzgerald, J.P., Ceresia, Powers, Corcoran and Ryba, JJ., concur.